## HOTOP *a.* NEIDIG.

*Supreme Court, First District; General Term, March,* 1864.

ASSIGNMENT.—FRAUD.—VARIANCE.

Where an assignment for the benefit of creditors provided for a preference to those named " in the annexed schedule," and such schedule was not made till two days after the delivery of the assignment, there being evidence of entire good faith on the part of assignor and assignee,—*Held,* that both the assignment and schedule were valid.

Under a complaint framed to set aside an assignment merely on the ground of fraud, it is not competent for the plaintiff, on a failure to obtain the principal relief, to insist on a judgment settling the construction of the instrument.

Appeal from a judgment.

This action was brought by Gustavus H. Hotop against Heinrich Neidig and Newell Bliss, to set aside an assignment as fraudulent against creditors. It had been tried before Hon. C. P. KIRKLAND, referee. The defendant Bliss made a general assignment to Neidig for the benefit of creditors. The first trust was " to pay the debts of N. Bliss & Co., which are enumerated and described in a schedule thereof hereto annexed, marked schedule B, and all interest moneys due or to grow due thereon."

Bliss, when he executed the assignment, intended that a schedule B should be afterwards annexed to the same, preferring two notes of $2,500, indorsed by one George Gault, which were under discount. The reason stated, on the trial, why the schedule was not annexed when the assignment was executed was, that the conveyancer had not then a precise statement of the amount of the notes, and Bliss wished to execute the assignment at once, and before such statement was procured, because he feared, as the referee found, without legal reason for such fear, that the creditors of N. Bliss & Co. might issue attachments against him, and seize the firm property, in the event of his leaving the State, which he contemplated doing at once. Two or three days after the assignment was executed

and delivered, and possession of the assigned property taken under it, the conveyancer who prepared the assignment prepared a schedule, B, sent it to Bliss, who signed it in the presence of a witness, and then gave it to the assignee, Neidig, requesting him to attach it to the assignment.

Neidig declined to attach the schedule B to the assignment, but it was afterwards attached thereto by Bliss's former partner, and again detached therefrom by Neidig, and kept detached; but Neidig, after suit brought, claimed to act under the assignment, and schedule B as a part of it. The referee found that in the conduct of Bliss, in the premises, there was in fact no fraudulent intent. He found, as matter of law, that the assignment and the schedule B were to be regarded as one instrument, the same as if the schedule had been annexed when the assignment was executed; and that the execution and delivery to the assignee by Bliss of schedule B, several days after the execution and delivery of the assignment, in pursuance of his fixed intention to do so, formed at the time when he executed the assignment, did not invalidate the assignment or make it fraudulent in law, and thus void. The referee, therefore, dismissed the complaint, but without costs. Thereupon judgment was entered up in favor of the defendants, and this appeal taken therefrom.

*Kaufman, Frank & Wilcoxson,* for the appellant.—I. By the terms of the assignment, and by the evidence of Bliss, it appeared that he executed and delivered the assignment with the intent and purpose, on his part, at the time he executed it, of thereafter making out and annexing thereto a schedule of preferred creditors; and the evidence is clear that some two or three days after the execution and delivery of such assignment, he consummated his preconceived intent and purpose, by making out and signing a schedule of preferred creditors, and delivering it to the assignee as part and parcel of the assignment. The assignment, as between the assignor and assignee, transferred the property irrevocably to the assignee, and the assignor could not modify said assignment subsequently by a schedule of preferred debts, or execute a new assignment. (Porter *a.* Williams, 9 *N. Y.* (5 *Seld.*), 142; Bell *a.* Holford, 1 *Duer,* 58.) The execution of schedule B by the assignor was also nugato-

ry, for the reason that it was not accepted by the assignee, either with the assignment, of which it is now claimed to be a part, or without it. (Peabody *a.* Fenton, 3 *Barb. Ch.*, 451; Crosby *a.* Hillyer, 24 *Wend.*, 280 ; Moir *a.* Brown, 14 *Barb.*, 39.)

II. The assignment is void as against the plaintiff, because it contained a provision for a schedule of preferred creditors, which the assignor designed to make and have annexed to the assignment after its execution. It was executed, as is shown by the testimony, with the actual intent to hinder and delay creditors. (Averill *a.* Loucks, 6 *Barb.*, 470 ; Litchfield *a.* Pelton, *Ib.*, 187.)

III. The judgment appealed from declares the assignment a valid assignment, and of the same effect as if the schedule of preferred creditors had been made and annexed thereto at the time the assignment was executed. The judgment should be reversed, and a new trial granted.

*Lockwood & Overfield*, for the respondents.—I. The findings of fact are abundantly sustained by the evidence. It is not material whether the assignee claimed that the assignment was with preferences or not.

II. As to the exceptions to the findings of law : 1. No. reservation of the right to annex a schedule appears on the face of the assignment. 2. No reservation of such right by parol, or intent to make such reservation, is shown. 3. The schedule was omitted by mistake or accident, which a court of equity will remedy.

III. If there were no right to annex the schedule, yet the assignment, no fraud appearing upon its face, or shown in its execution, is valid as an assignment without preferences.

IV. Preferential assignments being legal, the assignment cannot be avoided, even though it were made to escape attachments.

SUTHERLAND, J.—The only question in this case is presented by the exception to the finding of fact, that the said Bliss did not omit to execute and attach the said schedule to the assignment with any view or intent of reserving the opportunity of giving preference to any creditors he might desire to prefer, or to any creditor or person except the said Gault; and to the fur-

ther finding of fact, that there was no intent, in fact, to defraud in the making and delivery of said assignment, nor in the delay in the execution and delivery to the assignee of said schedule B; on the contrary, the whole transaction was in actual and entire good faith.

These findings of fact were abundantly authorized by the evidence, and it cannot be said that the assignment was fraudulent in law, irrespective of the question of fraud in fact as to the plaintiffs, or any other creditor.

The complaint was not properly framed to set aside the assignment on any other ground or principle than fraud, or for the purpose of having it adjudicated that the debts mentioned in schedule B were not entitled to a preference, because schedule B was not annexed to the assignment when the assignment was executed and delivered, and not until a day or two afterwards.

The complaint was framed on the theory that the assignment was fraudulent and void as to the plaintiff, a judgment and execution creditor; and whether it was so or not, appears to have been the only question litigated before the referee.

I think the judgment should be affirmed, with costs.

LEONARD and CLERKE, JJ., concurred.